**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JANET MOODY, | ) |
| | ) |
|     Plaintiff | ) |
| | ) **Case No.:** |
| v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| SYNCHRONY BANK f/k/a GE | ) **JURY TRIAL** |
| CAPITAL RETAIL BANK, | ) |
| | ) |
|     Defendant | ) |

# COMPLAINT

JANET MOODY ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SYNCHRONY BANK f/k/a GE CAPITAL BANK ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Massachusetts and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Millville, Massachusetts 01529.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation that does business in Massachusetts and maintains its principal place of business at 950 Forrer Boulevard, Kettering, Ohio 45420.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for more than one year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in June 2015, and continuing through July 2015,

Defendant called Plaintiff on her cellular telephone.

14. Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

15. Defendant's automated calls stated, "This call is for Janet Moody. Please call us back," and provided a telephone number.

16. Defendant's telephone calls were not made for "emergency purposes."

17. Defendant called Plaintiff three (3) to five (5) times a day.

18. In addition, Defendant would call Plaintiff late in the evening, calling at 8:23 p.m.

19. Defendant's calls were so persistent that in mid-June 2015, she spoke with Defendant and told them to stop calling her.

20. Defendant heard Plaintiff's revocation of consent to call her cellular telephone.

21. Nevertheless, Defendant continued to contact Plaintiff of her cellular telephone.

22. Since revoking consent to call her cellular telephone, upon information and belief, Defendant made 73 automated calls to Plaintiff's cellular telephone.

23. Upon information and belief, Defendant conducts business in such a manner which violates the Telephone Consumer Protection Act.

# DEFENDANT VIOLATED THE
# TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

26. Upon information and belief, Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

27. Defendant's calls to Plaintiff were not made for emergency purposes.

28. Defendant's calls to Plaintiff after mid-June 2015were not made with Plaintiff's prior express consent.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JANET MOODY, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500 per telephone call pursuant to 47 U.S.C. §227(b)(3) or alternatively that amount for all calls made after Defendant was notified that they were calling the wrong person and wrong number;

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    e.    Any other relief deemed appropriate by this Honorable Court.

# DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JANET MOODY, demands a jury trial in this case.

|  |  |
|---|---|
|  | RESPECTFULLY SUBMITTED, |
| DATED: 07-22-15 | KIMMEL & SILVERMAN, P.C. |
|  | By: */s/ Craig Thor Kimmel*_____ |
|  | CRAIG THOR KIMMEL |
|  | BBO# 662924 |
|  | Kimmel & Silverman, P.C. |
|  | 30 E. Butler Pike |
|  | Ambler, PA 19002 |
|  | Phone: (215) 540-8888 |
|  | Fax: (877) 788-2864 |
|  | Email: kimmel@creditlaw.com |